**Todd M. TREADWAY, a minor, by next friend, Robert M. Treadway, his natural guardian and father, Plaintiff-Appellee,**

v.

**Robert Earl RUCKSTUHL, Defendant-Appellant,**

**Pitney-Bowes Corporation, Defendant-Appellee.**

**No. 76–4125**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

June 20, 1977.
Rehearing Denied July 12, 1977.

---

**250**

Lipscomb Norvell, Jr., Beaumont, Tex., for defendant-appellant.

Howell Cobb, Beaumont, Tex., for plaintiff-appellee.

Edward H. Green, Beaumont, Tex., for Pitney-Bowes Corp.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

Six-year old Todd M. Treadway was riding his bicycle on April 8, 1974 when he collided with a car driven by appellant Robert Earl Ruckstuhl. Todd sustained severe leg injuries. He has undergone six operations. Todd and his father sued Ruckstuhl and Ruckstuhl's employer, Pitney-Bowes Corporation, alleging that Ruckstuhl's negligence caused the accident and that Ruckstuhl was acting within the scope of his employment for Pitney-Bowes. The jury returned a verdict against Ruckstuhl for $50,000. The jury returned a verdict in favor of Pitney-Bowes, however, apparently concluding that Ruckstuhl was not acting in the scope of his employment at the time of the accident. The judge entered judgment on the verdict. Ruckstuhl appealed; plaintiffs did not.

Ruckstuhl challenges the sufficiency of the evidence on liability and on damages, and he asserts that the judge's instructions were erroneous. We reject Ruckstuhl's claims. There was ample evidence to support the verdict, and the judge's instructions, considered as a whole, fairly stated the governing standards.

Ruckstuhl also attempts to challenge the judgment in favor of Pitney-Bowes. Ruckstuhl did not cross-claim against Pitney-Bowes, and indeed, we know of no theory under which he would have been entitled to do so. Under the circumstances here, an employee has no right to indemnity from an employer who might be held vicariously liable to the same tort victim.[1] Although plaintiffs adopt Ruckstuhl's arguments in regard to Pitney-Bowes's liability, they did not appeal from the judgment in Pitney-Bowes's favor. We therefore need not consider the sufficiency of the evidence on this issue.[2]

The judgment of the district court is AFFIRMED.

1. Any right to indemnification would appear to run in the opposite direction, favoring the employer against its employee. *See* W. Prosser, Handbook of the Law of Torts 311 (4th ed. 1971).

2. Ruckstuhl, a sales representative, had gone home to let out his dog and was near his home when the accident occurred. He was returning to his sales route, but had not yet reached the freeway which he would not have had to leave had he not gone home.